IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KEVIN POTTER                                                                                     PLAINTIFF

v.                                          Civil No. 1:11-cv-01067

JERRY LANGLEY, *et al.*                                                                      DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Separate Defendant, B.H. & M. Oil Company's Motion to Dismiss. ECF No. 13. This Motion was filed on December 23, 2011. *See id.* Plaintiff has not filed a response. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court finds as follows:

**1.  Background**:

Plaintiff, Kevin Potter, commenced this action against Separate Defendant, B.H. & M. Oil Company ("B.H. & M.") on October 18, 2011. ECF No. 1. On December 23, 2011, B.H.& M. filed their Motion to Dismiss. ECF No. 13. With this Motion, B.H.& M. seeks a dismissal of the action based upon FED. R. CIV. P. 12(b)(5) for insufficient process and FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**2. Applicable Law:**

Pursuant to FED. R. CIV. P. 12(b)(5), a case may be dismissed for insufficient service of process. Before a federal court may exercise personal jurisdiction over a Defendant, the procedural requirement of service of summons must be satisfied. *Omni Captiol Int'l, v. Rudolf Wolff & Co.*, 484

U.S. 97, 104 (1987).

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume that the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

**3. Discussion:**

    **A.  Insufficient Service of Process**

B.H. & M. seeks a dismissal of the action based upon FED. R. CIV. P. 12(b)(5) for insufficient process. ECF No. 13. B.H. & M. argues Plaintiff failed to meet the requirements of FED. R. CIV. P. 4(l), requiring the person serving process to make proof of service thereof to the court and FED. R. CIV. P. 4(m) requiring service of the summons and complaint upon a defendant within 120 days after the filing of the complaint.

On October 18, 2011 Plaitiff filed his complaint. ECF No. 1. According to, B.H. & M. they received a set of documents from Plaintiff, none of which contained a summons. ECF No. 13-1. FED. R. CIV. P. 4(m) requires service of the summons and complaint upon a defendant within 120 days after the filing of the complaint. Plaintiff has failed to meet this requirement by failing to serve B.H. & M. with summons. Additionally, the Court notes the record contains no filing of proof of

service as required by FED. R. CIV. P. 4(l).

Based on the forgoing, it is recommend B.H. & M.'s Motion to Dismiss be granted based on FED. R. CIV. P. 12(b)(5) for insufficient service of process.

### B. Failure to Sate A Claim For Relief

B.H. & M. also seeks dismissal pursuant to FED. R. CIV. P. 12(b)(6). ECF No. 13. B.H. & M. argues Plaintiff has failed to plead any facts upon which relief can be granted. *Id*. The Complaint appears to make allegations of fraud. ECF No. 1. Although named as a Defendant, the Complaint contains no factual allegations against B.H. & M., and in fact, fails to even mention B.H. & M. anywhere the Complaint.

Based on the forgoing, it is recommend B.H. & M.'s Motion to Dismiss be granted based on FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

### 4. Conclusion:

Based on the forgoing, it is recommended that Separate Defendant B.H. & M. Oil Company's Motion to Dismiss (ECF. No. 13) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **6th day of March, 2012.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE